The consecutive sentences subsequently imposed will fall into place on the basis of this correction. The cause is remanded to the Superior Court of Greene County for the correction of its record as here indicated. Certificate of the correction will be sent to the Prison Department.

Remanded.

---

FAYE S. HARRINGTON, ADMINISTRATRIX OF THE ESTATE OF WALTER FRANKLIN "JACK" HARRINGTON, DECEASED v. JOHNNY DAVID NANCE.

(Filed 15 April, 1964.)

**Automobiles § 41c—**

Evidence tending to show that intestate's car was standing about the middle of the highway with its lights on and that defendant approached from the opposite direction, slowed to some 30 miles an hour and had his right wheels in the ditch on defendant's right side of the highway when defendant's car struck intestate and the open door of intestate's car at approximately the same time, *held* insufficient to be submitted to the jury on the issue of negligence.

APPEAL by plaintiff from *McConnell, J.,* September Civil Session 1963 of ANSON.

This is an action for the wrongful death of plaintiff's intestate, Walter Franklin "Jack" Harrington, allegedly caused by the negligence of defendant Johnny David Nance.

About 12:30 a.m. on 2 June 1962 the defendant and his brother were returning from a hunting trip and were traveling east on rural paved road No. 1240 which leads from the Town of Peachland, North Carolina, to White Store, and is known as the Lower White Store Road.

The plaintiff's evidence tends to show that the paved portion of public highway No. 1240 was from 16 to 18 feet wide, with shoulders between three and four feet on each side and ditches from one to two feet deep. Plaintiff's intestate's car, a 1960 four-door cream colored Ford, according to plaintiff's allegation in the complaint, was stopped in the middle of the paved portion of the highway with its headlights on and shining in the direction from which the defendant was approaching. The evidence further tends to show that the left side of the intestate's car was within four or five feet of the southern edge of the pavement and that the defendant was driving in an easterly direction.

The plaintiff introduced in evidence the adverse examination of the defendant which tends to show that the defendant saw the plaintiff's intestate's automobile in the highway a distance of about one-fourth of

a mile before reaching it; that there were four lights on the car, shining brightly; that the defendant signalled several times in an effort to get the lights dimmed but got no response; that he reduced his speed from about 45 to 30 miles an hour and undertook to pass the car on his right side of the road. The left front door of intestate's car was open. The defendant testified, "My front bumper and above the headlight of my car struck the door of that other car. My car was in the ditch and traveling about 30 miles an hour when it hit Jack Harrington. * * * My right front wheel was in the ditch when I hit the door of the other car. * * * My car struck the door of the other car and him both at one time, both together."

The evidence further tends to show that the defendant's car skidded about ten feet after hitting plaintiff's intestate who was lying about two feet to the rear of the rear bumper of defendant's car when it stopped. Defendant never saw the open door of the intestate's car or the intestate until he hit them. No one was in the intestate's car at the time of the collision and the motor was not running.

The physician who examined plaintiff's intestate shortly after the accident testified, "I observed the odor of alcohol about Mr. Harrington. I could not determine how much or tell how much alcohol he had had. The odor of alcohol was coming from his lungs." Plaintiff's intestate died on 23 June 1962 as the result of the injuries he sustained in the accident.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit and the motion was sustained. Plaintiff appeals, assigning error.

*E. A. Hightower for plaintiff appellant.*
*Taylor, Kitchin & Taylor for defendant appellee.*

PER CURIAM. In our opinion, plaintiff failed to establish actionable negligence on the part of the defendant and we so hold.
Affirmed.

---

STATE v. BENNIE B. DAVIS.

(Filed 15 April, 1964.)

**1. Automobiles § 70;    Indictment and Warrant § 12—**

A warrant charging that defendant, while under the influence of intoxicating liquor, operated a motor vehicle on a public highway or street cannot be